ANNA Y. PARK, SBN 164242
PETER F. LAURA, SBN 116426
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1074
Facsimile: (213) 894-1301

Attorneys for Plaintiff,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RECEIVED
2003 JAN -9 PM 5:29
BY ______ DEPUTY

ORIGINAL

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, vs. MGM MIRAGE; and DOES 1-10 Defendants. | CASE NO. CV-S-02-1554-RLH-LRL **STIPULATION OF DISMISSAL AND [PROPOSED] ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff U.S. Equal Employment Opportunity Commission, and Defendant MGM Mirage, the only parties who have appeared in this action, through their respective counsel, that the above-captioned action is hereby dismissed pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

///

///

///

///

///

///

///



3

The parties also stipulate that any disputes relating to the Settlement Agreement which is attached hereto as Exhibit "A" shall be governed by Section V of the Agreement. Each party shall bear its own costs and attorneys fees.

Dated: 1/8, 2003

ANNA Y. PARK
PETER F. LAURA
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By: ______________ for
Anna Y. Park

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: 1/8, 2003

PAUL GROSSMAN
PAUL, HASTINGS, JANOFSKY & WALKER

By: ______________ for
Paul Grossman

Attorneys for Defendant
MGM MIRAGE

IT IS SO ORDERED:

DATED: Jan. 13, 2003

______________
UNITED STATES DISTRICT JUDGE

S:\Legal Unit\Mirage\Pleadings\Stipulation to Dismiss.wpd

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is entered into by and between the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC" or "Commission") and THE MIRAGE CASINO-HOTEL ("Mirage").

WHEREAS, at a time when the Mirage was owned by Mirage Resorts, Inc., prior to its acquisition by MGM Mirage, the three charging parties described below were terminated and filed charges alleging race discrimination;

WHEREAS, the EEOC found cause to believe that the Mirage had engaged in hiring practices which created an unlawful discriminatory impact upon Black and Hispanic applicants for employment, and that the Mirage had terminated and/or disciplined the charging parties set forth below and a class of other similarly situated Black employees in violation of Title VII;

WHEREAS, on May 31, 2000, subsequent to the cause finding, Mirage Resorts, Inc. was acquired by MGM Grand, Inc. (now known as MGM MIRAGE); and

WHEREAS, the parties would like to avoid litigation;

NOW, THEREFORE, the parties agree as follows:

## I. PURPOSES AND SCOPE OF THIS SETTLEMENT AGREEMENT

The parties have entered into this Settlement Agreement ("Agreement") for the following purposes.

Exh. A

A. To provide relief to Charging Party Roger Burls and Blacks and Hispanics who applied to the Mirage and were not hired between January 1, 1996 and May 31, 1997;

B. To avoid expensive and protracted costs incident to litigation; and

C. To provide a final and binding settlement as to all claims of discrimination by Roger Burls and all claims of hiring discrimination by Blacks and Hispanics who applied and were not hired by the Mirage between January 1, 1996 and May 31, 1997.

## II. RELEASE OF CLAIMS

The EEOC's cause finding was based on the following three charges filed by the following three charging parties: Charge No. 340971016 (Roger Burls); Charge No. 340970506 (John Lige); and Charge No. 340990197 (Milton Crawford). This Agreement fully and completely resolves all issues, claims and allegations which were raised in the charge of discrimination filed by Roger Burls, the Commission's investigation of the aforementioned charges, and the Commission's cause finding. The Commission will take no further action against the Mirage based on any of the aforementioned charges, the investigation thereof, or the cause finding thereon.

Nothing in this Agreement shall be construed to preclude the Commission from bringing suit to enforce this Agreement in the event that any party hereto fails to perform the promises and representations contained herein. Nor shall anything in this Agreement be construed to preclude the Commission from conducting any investigation or initiating any legal action against the Mirage in connection with allegations of discrimination which are not based on the aforementioned charges, the investigation thereof, or the cause finding thereon. Nor shall anything in this Agreement be construed to preclude the Commission from conducting any investigation or initiating any legal action against any entity other than the Mirage.

Nothing in this Agreement shall be construed to limit or reduce the Mirage's obligations to fully comply with Title VII.

Nothing in this Agreement shall suggest that the Mirage agrees that during the period between January 1, 1996 and May 31, 1997, or at any other time, it engaged in hiring, termination or discipline practices which created an unlawful discriminatory impact on Black or Hispanic applicants for employment.

The parties shall use their best efforts to defend this Agreement from any legal challenge.

## III. EFFECTIVE DATE AND DURATION OF AGREEMENT

The provisions and agreements contained herein are effective immediately upon the date on which this agreement is executed by both the EEOC and the Mirage ("the Effective Date").

Except as otherwise provided herein, this Agreement shall remain in effect for three (3) years from the Effective Date, provided that all material provisions of this Agreement have been carried out and all reports are timely submitted. In the event the provisions of this Agreement have not been carried out, or that final reports are not timely submitted, this Agreement will automatically be extended for a period of ninety (90) days from the date on which the final reports are received by the Commission.

## IV. MODIFICATION AND SEVERABILITY

A. This Agreement constitutes the complete understanding of the parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Agreement will be effective unless made in writing and signed by an authorized representative of each of the parties.

B. If one or more provisions of this Agreement are rendered unlawful or unenforceable, the remaining provisions will remain in full force and effect.

C. If the parties mutually agree, this Agreement may be amended or modified.

## V. DISPUTE RESOLUTION

A. It is expressly agreed that if the Commission has reason to believe that this Agreement has been breached, the Commission may bring an action in federal court to enforce the Agreement. Prior to initiating such action, the Commission will notify the Mirage, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the Commission believes has been breached, and a concise factual statement of the issues in dispute. A forty-five (45) day dispute resolution period will be provided from the date of notice prior to the institution of any legal proceeding.

B. After the expiration of the forty-five (45) day dispute resolution period, the Commission may institute an enforcement action in federal court.

## VI. NON-ADMISSION OF LIABILITY

This Agreement represents the compromise of disputed claims which the parties recognize would require protracted and costly litigation. The Mirage's entry into this Agreement is not, and may not be used by any person as an admission or evidence that the Mirage has engaged in discriminatory employment practices, which the Mirage expressly denies.





ps

## VII. AFFIRMATIVE RELIEF

### A. Complaint Procedure

Within thirty (30) days of the Effective Date of this Agreement, the Mirage agrees to provide proof to the Commission that it has an internal complaint procedure by which employees may register complaints of discrimination, and that this complaint procedure provides for the investigation of employee claims of discrimination and for timely and effective complaint resolution.

### B. Training

1. Within ninety (90) days of the Effective Date, the Mirage shall provide training (or provide evidence to the Commission that it has provided training within the twelve (12) month period prior to the Effective Date) to all supervisors and managers at the Mirage regarding equal employment opportunity laws (including Title VII of the Civil Rights Act of 1964, as amended, and the Nevada Equal Rights Act) and supervisory responsibilities for compliance with those laws. At a minimum, the subjects to be covered by the training shall include: (i) federal equal employment opportunity laws and the Nevada Equal Rights Act, including, but not limited to, the general provisions of these laws and the bases on which discrimination is prohibited under these laws; (ii) the identity, roles and responsibilities of agencies established to enforce these laws, and the principles and objectives underlying these laws, including, but not limited to job-relatedness; (iii) the application of equal employment opportunity law to typical employment situations, including, but not limited to, development and completion of employee performance appraisals, proper interviewing techniques, making selection and promotion decisions, provision of work assignments, training and other career advancement opportunities, setting salaries and making other compensation decisions; (iv) general

supervision of a racially diverse workforce; (v) review of the internal complaint procedure; (vi) prevention of employment discrimination; and (vii) supervisory follow-up of EEO complaints, including, but not limited to, prohibition against retaliation, and working with the complainant. Such programs shall provide (or shall have provided) an opportunity for participants to comment and ask questions of the trainer(s). Refresher training (which may be done by showing of a videotape of prior training) shall be provided at the conclusion of two (2) years from the Effective Date. Supervisors and managers who are newly hired or promoted during the term of this Agreement who have not received the aforementioned training shall receive the above training (which may be done by showing of a videotape of prior training) within six (6) months of their date of hire/promotion.

2. The Mirage shall provide to the Commission the curriculum or a description of the content of such training program as part of its compliance report as set forth below.

**C. EEO-1 Reports**

The Mirage shall continue to submit annual EEO-1 reports for the Mirage pursuant to applicable law, and shall maintain supporting documentation as required by applicable law.

## VIII. MONETARY RELIEF TO CHARGING PARTY ROGER BURLS

The Mirage agrees to pay a total of $75,000 to Charging Party Roger Burls in full and complete resolution of all his claims against the Mirage, including, but not limited to, all issues raised in his charge and the investigation by the Commission. This payment is subject to the terms and conditions to be memorialized in a written settlement agreement entered into by the Mirage with Charging Party Roger Burls individually, which requires that Roger Burls release any and all claims of employment discrimination under Title VII, 42 U.S.C. § 1981, Nevada state law, or otherwise



PS

against the Mirage. The Mirage shall deliver payment to Roger Burls' counsel or Roger Burls within ten (10) business days after both this Agreement and the individual settlement have been fully executed. A copy of the check used for payment shall be submitted to the EEOC.

## IX. MONETARY RELIEF TO THE CLASS

### A. Claims Administrator

Within thirty (30) days of the Effective Date of this Agreement, the Mirage shall hire a Claims Administrator, whose retention shall be subject to the approval of the EEOC, which approval shall not be unreasonably withheld. The Mirage shall be solely responsible for all costs and fees of the Claims Administrator and monitoring of the performance of the Claims Administrator. The Claims Administrator shall be responsible for: (1) the distribution of claims forms; (2) the initial verification of the validity of claims; and (3) the distribution of the moneys due to persons who file valid claims.

### B. Definition of Class Entitled to Share in Relief

Class members consist of each applicant identified to the Mirage by the Commission as being Black or Hispanic who applied for a position at the Mirage between January 1, 1996 and May 31, 1997, and was not hired. The EEOC shall immediately following the Effective Date provide the Mirage with a list of such applicants. The Mirage shall provide a list of the names provided it by the EEOC together with the address of the applicant contained on the application to the Claims Administrator as soon as practicable but no later than sixty (60) days after receipt from the EEOC of said list of applicants.



DS

C. Claims Procedure; Payment of Claims

As soon as practicable after receipt, and in no event later than thirty (30) days after names and addresses of class members are provided to the Claims Administrator, the Claims Administrator shall send a written Notice and Release, via first-class United States Mail, to each class member advising him/her of his/her rights pursuant to this Agreement. Copies of the forms of Notice and Release are attached hereto as Exhibits A and B. The Notice shall be sent to the address contained on the application for employment submitted to the Mirage during the aforementioned time frame. For each Notice that is returned as undeliverable by the postal service, the Claims Administrator, no later than seven (7) days after receipt of the undeliverable notice, shall arrange for a computer database trace for such potential class member, and shall promptly re-mail the Notice to each address obtained for such class member. The Mirage will post a notice on its employee bulletin board informing potential class members how to contact the Claims Administrator to obtain copies of the Notice and Release.

Each class Member who signs and returns a release form to the Mirage postmarked within one hundred twenty (120) days of the initial mailing or the first re-mailing, as applicable, of the Notice and Release, shall be eligible to receive the benefits of this Agreement.

As soon as payments are made to class members, the Mirage shall submit a distribution report to the Commission which shall include: (1) the name, address and social security number of each class member who has received a payment; and (2) an accounting of total class funds distributed or expended to date.

D. The Amount Payable to Each Class Member

The amount payable to each class member will be determined by dividing the total number of valid and timely claims filed into the amount of $765,000. As soon as the number of valid claims is determined, the Mirage shall promptly provide the aforementioned sum to the Claims Administrator so that all valid claims can be promptly paid. The EEOC and the Mirage agree that the amounts paid are not wages and not subject to wage withholding.

E. Training

The Mirage agrees that the training programs it implements over the three(3) year term of this Agreement, in accordance with the requirements of this Agreement, and/or the training programs it has implemented during the twelve (12) months prior to the Effective Date for the objectives described above, will have a fair market value and/or cost of at least $300,000. No more than half of this amount can be allocated to training performed internally and/or internal costs of training; at least $150,000 must be spent on outside trainers, commercial training aids, or professional development of training tools (e.g., videotapes). For purposes of this obligation, the amount the Mirage pays to the outside Claims Administrator (not to exceed $75,000) will be considered spent for outside training.

X. RECORD-KEEPING AND REPORTING

A. For the duration of this Agreement, the Mirage agrees to maintain all employment applications.

B. For the duration of this Agreement, the Mirage agrees to maintain an applicant log for all hourly positions. The applicant log shall include: (1) name, race/national origin of applicant (where ascertainable); (2) recruitment source; (3) date of application; (4) position for which applicant applied; (5) position for which applicant was considered; (6) final action with respect to application; (7) if a position was offered, title of position, and whether position was accepted; (8) if the applicant was rejected, the reason; (9) date of final action; and (10) name and title of the principal decisionmaker(s).

C. For the duration of this Agreement, the Mirage agrees to maintain the records set forth above to demonstrate the Mirage's compliance with this Agreement and to verify that the reports submitted are accurate. Upon fifteen (15) days' written notice from the Commission, the Mirage shall make such records available to the Commission for inspection and copying.

D. Every six (6) months from the Effective Date to the date on which this Agreement expires, the Mirage shall submit a written report describing its compliance with the terms of this Agreement to the Los Angeles District Office of the Equal Employment Opportunity Commission at 255 East Temple Street, 4th Floor, Los Angeles, California 90012, Attention: Peter F. Laura, Senior Trial Attorney (or other person subsequently designated). The first report shall also contain a written description of the Mirage's internal complaint procedure.

E. The EEOC has informed the Mirage that contemporaneous with this Settlement Agreement it will file a lawsuit against The Mirage Casino-Hotel, a Nevada corporation. Promptly after being filed, said lawsuit will be dismissed pursuant to the stipulation attached as Exhibit C.

## XI. COSTS AND ATTORNEYS' FEES

Each party and all class members/beneficiaries shall bear their own costs and attorneys' fees.

Dated: 11/22/02

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: [signature]
Anna Y. Park
Peter F. Laura

Dated: 11/18/02

THE MIRAGE CASINO-HOTEL

By: [signature]
William P. McBeath
President

**NOTICE TO ALL UNSUCCESSFUL BLACK AND HISPANIC APPLICANTS FOR POSITIONS AT THE THE MIRAGE CASINO-HOTEL BETWEEN JANUARY 1, 1996 AND MAY 31, 1997**

The U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") is a Federal Agency charged with enforcing Title VII of the Civil Rights Act of 1964, as amended, which prohibits employment discrimination based on race, color, sex, religion, and national origin; the Equal Pay Act of 1963, which prohibits wage discrimination based on gender; the Age Discrimination in Employment Act of 1967, as amended, which prohibits employment discrimination against individuals forty years of age and older; and the Americans with Disabilities Act of 1990, which prohibits discrimination in employment against qualified individuals with disabilities.

The EEOC alleges that The Mirage Casino-Hotel (hereinafter referred to as the "Mirage") discriminated against Black and Hispanic applicants for employment who applied between January 1, 1996 and May 31, 1997. The Mirage denies such allegations but has entered into a Conciliation Agreement with the EEOC in which the Mirage has agreed to make monetary payments to all Black and Hispanic applicants who applied for and were denied employment with the Mirage between January 1, 1996 and May 31, 1997.

Each unsuccessful Black or Hispanic applicant who applied for any position at the Mirage between January 1, 1996 and May 31, 1997 and was not hired who files a valid and timely claim is entitled to an equal share of the class fund of $765,000. According to our records you may have been an unsuccessful Black or Hispanic applicant during the time period and may therefore be entitled to a share of the class fund.

If you believe that you are eligible and wish to receive the payment, please complete the enclosed Release Agreement and return it to the Claims Administrator at the address shown. If you are eligible to receive a payment, the Claims Administrator will mail you a check as soon as the total number of valid and timely claims is determined. BY SIGNING THE RELEASE AGREEMENT AND ACCEPTING THE PAYMENT, YOU WILL WAIVE YOUR RIGHT TO SUE THE MIRAGE AND ITS AFFILIATES FOR RACE OR NATIONAL ORIGIN DISCRIMINATION. If you do not return the signed Release Agreement to the Claims Administrator within one hundred twenty (120) days of the mailing date of this notice, you will not be entitled to any payment.

If you have any questions about the Release Agreement or the payment, please call the Claims Administrator at ____________.

**EXHIBIT "A"**

**RELEASE OF HIRING DISCRIMINATION CLAIMS**

I, ____________________________, Claimant, certify that I am Black or Hispanic and that I applied for a position at The Mirage Casino-Hotel between January 1, 1996 and May 31, 1997 and was not hired. I agree to waive any and all claims of hiring discrimination against Mirage Resorts, Inc. and its affiliates or their successors, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, the Nevada Equal Rights Act, and under any other federal or state law prohibiting discrimination in hiring.

AGREED:

Date:________________, 2002

By:_______________________________
Claimant

_______________________________
Print Name

_______________________________
Street Address

_______________________________
City, State & Zip Code

_______________________________
Social Security Number

**EXHIBIT "B"**